UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA SUE McRORIE

    Petitioner,

v.                                                             Case No. 8:09-cv-105-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Donna Sue McRorie petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of her state convictions for robbery with a deadly weapon and kidnapping. McRorie alleges two grounds of trial court error and eight grounds of ineffective assistance of trial counsel. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 17)

### **I. FACTS**[1]

McRorie approached the victim at a Wendy's restaurant and asked him for money to buy food. The victim bought McRorie some food and allowed her to keep the change from a ten-dollar bill. Once McRorie and the victim were outside the restaurant, McRorie made a telephone call on her cellular phone and a car quickly

---

[1] This factual summary derives from McRorie's brief on direct appeal. (Respondent's Exhibit 2)

drove to the victim and McRorie. A man exited the car, wrapped his arms around the victim, and threatened the victim with a knife. The man and McRorie forced the victim into the car and searched the victim's pockets. McRorie took from the victim a shopping bag containing some merchandise. The man and McRorie drove the victim to McRorie's house and ordered the victim inside. Once the victim was inside, McRorie seized the victim's possessions, including a wallet, cash, and a cellular phone. The victim escaped the house, went to a nearby store, and called the police. The victim directed the police to the house, and the police arrested McRorie. An information charges McRorie with robbery with a deadly weapon, with kidnapping, and with possession of cannabis. (Respondent's Exhibit 1, Vol. I, p. 25) A jury convicted her of the three charges.[2]

After her conviction, McRorie filed (after conviction but before sentencing) a motion to dismiss counsel and alleged four grounds of ineffective assistance. (Respondent's Exhibit 1, Vol. I, pp. 67-68) The state trial court after an evidentiary hearing rejected each ground. (Respondent's Exhibit 9, May 26, 2006, order denying motion to dismiss court-appointed counsel) McRorie subsequently filed a Rule 3.850 motion to vacate in which she raised both the same four grounds of ineffective assistance and five additional grounds of ineffective assistance. (Respondent's

---

[2] The state trial judge sentenced McRorie to concurrent terms of thirty years imprisonment for both the robbery and kidnapping convictions and to time served on the drug possession conviction. (Respondent's Exhibit 1, Vol. I, pp. 136-41) McRorie does not challenge the drug possession conviction in this federal petition.

- 2 -

Exhibit 6) The state post-conviction court rejected the Rule 3.850 motion on procedural grounds. (Respondent's Exhibit 7) The state district court of appeal affirmed the rejection of McRorie's Rule 3.850 motion.

## II. COGNIZABILITY, EXHAUSTION AND PROCEDURAL DEFAULT

Ground One:

McRorie contends that the state post-conviction court deprived her of appellate review of the denial of her state Rule 3.850 motion to vacate. She alleges that she presented to the state post-conviction court a ground alleging ineffective assistance of trial counsel for "counsel's neglect of a suppression hearing."[3] (Respondent's Exhibit 6, p. 2) The state post-conviction court, rejecting McRorie's Rule 3.850 motion, characterized her ground as a challenge to the legality of the search of her apartment and the seizure of cannabis from her bedroom and not as a ground of ineffective assistance of counsel.[4] McRorie argues that this

---

[3] Ground one of McRorie's state Rule 3.850 motion states in relevant part:

> Police exceeded their boundaries when given permission to get the items in question[,] resulting in an illegal search and seizure. . . . [T]he cannabis taken from McRorie's room was [f]ruit from a poisonous tree and should have been suppressed. Counsel's neglect of a suppression hearing denied McRorie effective assistance of counsel resulting in her conviction for possession.

(Respondent's Exhibit 6, pp. 1-2)

[4] The state post-conviction court rejected McRorie's ground one as procedurally barred:

> In response to claim 1, the Court finds the claim is procedurally barred. As provided in Rule 3.850, Fla. R. Crim. P., "This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." Because the issue of whether or not the

(continued...)

- 3 -

mischaracterization precluded her from appealing her ineffective assistance of counsel claim.[5] McRorie further alleges that the state post-conviction court's rejection of other grounds of her Rule 3.850 motion without an evidentiary hearing "denied her right to redress the court." (Doc. 1, p. 5)

McRorie challenges the state post-conviction court's interpretation of a claim in her state Rule 3.850 motion. This ground is not cognizable on federal habeas review because the ground asserts no violation of a federal constitutional right. 28 U.S.C. § 2254(a); *Wainwright v. Goode,* 464 U.S. 78 (1983) ("[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal court is not the proper forum to challenge the process afforded in state collateral proceedings because the challenge attacks a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").

---

[4](...continued)
    police exceeded the scope of the authorized search was an issue that could and should have been brought on direct appeal, it may not be raised now in a post-conviction motion. . . . Accordingly, claim 1 is procedurally barred and, therefore, DENIED.

[5] The state district court of appeal affirmed the rejection of McRorie's state Rule 3.850 motion in a *per curiam* decision without a written opinion. (Respondent's Exhibit 10)

Even affording ground one a liberal construction and assuming that McRorie asserts a federal due process violation, she cannot obtain relief because the claim challenges the state post-conviction court's alleged failure to follow state procedure. The limitation on federal habeas review to a claim of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).[6] Consequently, ground one warrants no federal habeas relief.

Ground Two:

McRorie contends that "the State of Florida denied [McRorie] her constitutional right to equal protection of the law." (Doc. 1, p. 6) She argues that "other citizens placed in [her] position would have received different counsel when counsel admitted he didn't timely present a plea offer or that he did not zealously pursue viable witnesses or investigate properly." (Doc. 1, p. 6) McRorie further argues that the state court's adverse ruling[7] was contrary to applicable law and that, while "other citizens have been granted such protection," the face of the record shows that she was not treated equally. To the extent that McRorie's vague and

---

[6] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[7] McRorie in her federal petition fails to specify which "adverse ruling" she believes was "contrary to [the] law."

unsupported allegations, liberally construed, assert a federal equal protection claim, she cannot obtain relief because her federal claims remains unexhausted.

Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust either on direct appeal or in a state post-conviction motion every available state court remedy for challenging his conviction. 28 U.S.C. § 2254(b)(1)(A), (C); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Boerckel*, 526 U.S. at 842. *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003).

A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (quoting *Boerckel*, 526 U.S. at 845). To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim. *See*

*Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement that a federal habeas corpus petitioner exhaust available state court remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record." *McNair v. Campbell,* 416 F.3d at 1302-03 (citations omitted). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese,* 541 U.S. 27, 32 (2004).

McRorie did not present to the state post-conviction court or the state appellate court a substantive federal equal protection claim based upon the allegations asserted in ground two of this federal petition. McRorie's failure to present the federal component of this ground deprived the state court of a "full and

- 7 -

fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. A federal court cannot grant a Section 2254 petition unless the petitioner has exhausted every available state court remedy. *Snowden v. Singletary*, 135 F.3d at 735. McRorie's failure to present her federal ground to the state court leaves the exhaustion requirement unsatisfied. *Duncan v. Henry*, 513 U.S. at 365. *See also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Consequently, ground two is procedurally defaulted.

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and

infected the entire trial with error of constitutional dimension. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case if a constitutional violation probably has resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Glenn*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

McRorie demonstrates neither cause and prejudice excusing her default nor a fundamental miscarriage of justice. *See Smith*, 256 F.3d at 1138. Consequently, ground two is procedurally barred from federal review.

Grounds Five, Six, and Seven:

In ground five McRorie contends that her trial counsel rendered ineffective assistance by not timely presenting to McRorie a plea offer from the prosecutor. McRorie argues that counsel did not negotiate a plea offer until minutes before jury

selection commenced and that, once the prosecutor extended a plea offer, counsel failed to timely present that offer to McRorie before the court closed plea negotiations. Absent counsel's error, McRorie claims she would have accepted the plea offer and foregone a trial. In ground six McRorie contends that her trial counsel rendered ineffective assistance by not investigating and presenting at trial "viable witnesses."[8] In ground seven McRorie contends that her trial counsel rendered ineffective assistance by not moving to suppress McRorie's statements to the police.

McRorie presented these three grounds to the state trial court in her motion to dismiss counsel. The state trial court rejected the grounds after an evidentiary hearing:

> [T]he defendant alleges counsel did not locate and call her witness, Evelyn Garrett, during the jury trial. Counsel indicated that he did attempt to contact Evelyn Garrett, however the proposed witness failed to return his call. Trial counsel testified that this proposed witness was only disclosed to him by the defendant as a person having information regarding the crime charged at the last moment. The court notes that the Order on Status Conference entered on 03 February 2006 provides in paragraph 3 that counsel is to confer with the defendant as to all proposed witnesses. The proposed testimony is largely not relevant or weighty.
>
> [T]he defendant alleges her counsel failed to communicate all plea offers. Trial counsel indicated he timely presented all plea offers made and vigorously negotiated without success up to the day of jury selection, at which time the court announced that it would no longer accept negotiated pleas.
>
> . . . .

---

[8] McRorie in her federal petition names none of the witnesses she argues counsel failed to investigate. To the extent that McRorie relies upon the allegations in her Rule 3.850 motion to support her federal ground, the allegedly omitted witness is Evelyn Garrett.

- 10 -

> [T]he defendant asserts that her trial counsel failed to file a motion to suppress her post-Miranda statement in case number CF05-009505 on the grounds that she was on drugs at the time of the statement and did not knowingly and voluntarily make the statement. Counsel testified that he did not believe the legal grounds existed for the motion and he elected to address the issue of the voluntariness of her statement to the jury, and did call a witness to support that argument. The court file shows that Det[ective] Wesley Whitmore was called as a defense witness.
>
> . . . .
>
> The Court finds that trial counsel has not been ineffective but, in fact, has vigorously advocated for his client. The [c]lient is simply disappointed in the outcome of the jury trial.
>
> . . . .
>
> The motion to dismiss counsel is DENIED.

(Respondent's Exhibit 9, May 24, 2006, order denying motion to dismiss court-appointed counsel, pp. 1-3) (footnote omitted) McRorie did not challenge on direct appeal the trial court's rejection of these grounds of ineffective assistance.

McRorie next presented these same grounds to the state post-conviction court in her state Rule 3.850 motion to vacate. The state post-conviction court rejected the grounds as procedurally barred because the trial court had previously conducted an evidentiary hearing on the motion to dismiss counsel and considered the merits of the grounds. (Respondent's Exhibit 7, May 26, 2006, order denying Defendant's Motion for Post-conviction Relief, pp. 2-3) The state district court of appeal affirmed the state post-conviction court's rejection of McRorie's Rule 3.850 motion. (Respondent's Exhibit 10)

McRorie cannot obtain federal habeas relief on these grounds of ineffective assistance because the grounds remain unexhausted. McRorie abandoned these grounds of ineffective assistance by failing to challenge on direct appeal the state trial court's rejection of her motion to dismiss counsel. *See Scott v. State*, 12 So. 3d 230 (2d DCA 2009) ("The order denying petitioner's Motion to Dismiss Counsel will be reviewable on direct appeal from any resulting conviction."). McRorie's failure to present the grounds on direct appeal deprived the state court of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. McRorie's subsequent presentation of the grounds in her Rule 3.850 motion cannot satisfy the exhaustion requirement. McRorie's failure to exhaust her grounds results in a procedural default. She demonstrates neither cause and prejudice excusing her default nor a fundamental miscarriage of justice. *See Smith*, 256 F.3d at 1138. Consequently, grounds five, six, and seven are procedurally barred from federal review.

Grounds Three, Four, Eight, Nine, and Ten:

In ground three McRorie contends that her trial counsel rendered ineffective assistance by not filing a motion to suppress illegally obtained evidence. In ground four McRorie contends that her trial counsel rendered ineffective assistance by not reviewing surveillance videotapes from the Wendy's restaurant "which would have proven [that] the victim was not telling the truth and [would have] successfully

- 12 -

rebutted the state's case." (Doc. 1, p. 9) In ground eight McRorie contends that her trial counsel rendered ineffective assistance by not moving to dismiss the kidnapping charge. In ground nine McRorie contends that her trial counsel rendered ineffective assistance by making "off-the-record promises" that led her to forego a plea agreement and proceed to trial. In ground ten McRorie contends that her trial counsel rendered ineffective assistance by not objecting during closing argument to the prosecutor's explanation of the jury instruction on principal liability.

McRorie presented each of these grounds to the state court for the first time in her Rule 3.850 motion to vacate.[9] (Respondent's Exhibit 6, p. 4) Because these grounds of ineffective assistance were omitted from McRorie's motion to dismiss counsel, these grounds were not addressed at the trial court's pre-sentencing evidentiary hearing on McRorie's claims of ineffective assistance of counsel. Consequently, the state post-conviction court denied these grounds as procedurally barred:

> In response to claims 2-9, the Court . . . finds the claims are procedurally barred. On May 24, 2006, (after Defendant was convicted but prior to her being sentenced in the matter), Defendant filed a Motion to Dismiss Counsel in which she exclusively argued that her counsel should be dismissed because he had provided ineffective assistance of counsel for four express reasons.[10]

---

[9] Grounds three, four, eight, nine, and ten of this federal petition are the same as grounds one, two, seven, eight, and nine of McRorie's Rule 3.850 motion. (Respondent's Exhibit 6)

[10] The motion to dismiss counsel alleges:

    a.    He failed to investigate, locate, subpoena, and call witnesses for [McRorie's] defense
    b.    He failed to adequately engage in plea bargaining efforts

(continued...)

> On May 26, 2006, the trial court conducted an evidentiary hearing on the
> issues raised by Defendant and addressed the issues on their merits.
> Subsequent to the evidentiary hearing the trial court issued a written order
> denying Defendant's claims of ineffective assistance of counsel, finding, *inter
> alia*, "trial counsel has not been ineffective but, in fact, has vigorously
> advocated for his client."
>
> Based on the foregoing, the Court finds Defendant has previously raised
> substantive issues of ineffective assistance of counsel pursuant to Rule 3.850,
> Fla. R. Crim. P., and the issues were both addressed and denied on their
> merits by the trial court. Therefore, in accordance with cases such as *Vining v.
> State*, 827 So. 2d 201, 212-13 (Fla. 2002), claims 2-9 are procedurally barred.
> Because claims 2-9 are procedurally barred, claims 2-9 are DENIED.

(Respondent's Exhibit 7, p. 2)

The state post-conviction court's order shows that the court treated McRorie's motion to dismiss counsel as a Rule 3.850 motion to vacate. State procedure precluded McRorie from presenting the additional ineffective assistance allegations to the state court in a second Rule 3.850 motion:

> A second or successive motion may be dismissed if the judge finds that it fails
> to allege new or different grounds for relief and the prior determination was
> on the merits or, if new and different grounds are alleged, the judge finds that
> the failure of the movant or the attorney to assert those grounds in a prior
> motion constituted an abuse of the procedure governed by these rules.

Fla. R. Crim. P. 3.850(f). Florida courts consistently apply Rule 3.850(f). *See Vining v. State*, 827 So. 2d 201, 212-13 (Fla. 2002) ("Where a previous motion for post-conviction relief has raised a claim of ineffective assistance of counsel, the

---

[10](...continued)
    c.    He failed to file a pre-trial Motion to Suppress Statements
    d.    He failed to argue important points in [McRorie's] defense.

(Respondent's Exhibit 9, Motion to Dismiss Counsel, p. 1)

post-conviction court may summarily deny a successive motion which raises an additional ground for ineffective assistance of counsel."). *See also Spaziano v. State,* 545 So.2d 843, 844 (Fla.1989) (holding that the state court must summarily deny a second Rule 3.850 motion if (1) the first motion raised a claim of ineffective assistance of counsel, (2) the second motion sought to raise additional grounds of ineffectiveness, and (3) the second motion did not allege that the defendant was precluded from asserting the additional grounds in the first motion).

McRorie's allegations in grounds three, four, eight, nine, and ten fault counsel for reasons ascertainable at the time she filed her motion to dismiss counsel. Consequently, as the state post-conviction court noted, because she could have presented each of her grounds of ineffective assistance in her motion to dismiss counsel, McRorie was precluded from presenting those same grounds plus additional grounds of ineffective assistance in her second Rule 3.850 motion. *See McKinley v. State*, 937 So. 2d 223, 225 (Fla, 3d DCA 2006) ("To avoid the application of the abuse of process doctrine, the movant must allege that the assertions in the successive motion were not known or could not have been known at the time of the initial motion."). *Accord Pope v. State*, 701 So. 2d 221, 223 (Fla. 1998) ("A defendant may not raise claims of ineffective assistance of counsel on a piecemeal basis by filing successive motions.").

The failure of a federal habeas petitioner to adhere to state procedural rules governing the proper presentation of a claim bars federal review of that claim in a

subsequent federal habeas corpus proceeding. *See Wainwright v. Sykes,* 433 U.S. 72, 97 (1977); *Sims v. Singletary,* 155 F.3d 1297, 1311 (11th Cir.1998). The federal habeas court must defer to the state court's interpretation of state procedural rules and must enforce both those rules and the procedural rulings of the state courts. *See Lindsey v. Smith,* 820 F.2d 1137 (11th Cir.1989). *See also Agan v. Vaughn,* 119 F.3d 1538, 1549 (11th Cir.1997) ("[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.").

Because the state courts correctly applied state procedural default principles to bar review of the ineffective assistance grounds raised in McRorie's second Rule 3.850 motion, the grounds are procedurally barred, *Bailey v. Nagle,* 172 F.3d 1299, 1302-03 (11th Cir.1999), unless McRorie establishes either cause and prejudice or a fundamental miscarriage of justice to excuse her default. *O'Sullivan v. Boerckel,* 526 U.S. at 848-49; *see also Coleman v. Thompson,* 501 U.S. at 750-51. McRorie fails to establish that either exception applies. Consequently, grounds three, four, eight, nine, and ten are procedurally barred from federal review.

Accordingly, McRorie's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against McRorie and close this action.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

It is further ordered that McRorie is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement

to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, McRorie "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). McRorie has not made the requisite showing in these circumstances. Finally, because McRorie is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on March 27, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE